IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:14cr00023 |
| v. | |
| PHILLIP DANIEL RUSH,<br>Defendant. | By: Michael F. Urbanski<br>United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on the motion of the United States to authorize payment from defendant Phillip Daniel Rush's inmate trust account in the amount of $15,571.28. ECF No. 98. In its motion, the United States asserts that the June 19, 2015 criminal judgment ordered payment of a $25,000.00 fine and a $100.00 mandatory special assessment. To date, however, defendant has paid only $25.00. The government asserts that defendant presently has approximately $15,571.28 in his inmate trust account and that these funds should be immediately tendered to the United States.

Defendant Rush responds that his judgment provides for installment payments in the amount of $50.00 per month, or 50% of his income, whichever is greater, during the term of his incarceration. Rush indicates that the $15,571.28 in his inmate trust account are the proceeds of a boat sale, and that if these monies are determined to be income, he has every intention of paying half of the funds to the government. ECF No. 99.

To be sure, the judgment in this case sets forth an installment payment schedule. However, it also provides that the "total criminal monetary penalties are due immediately"

1

and that "[a]ny installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C. §§ 3613 and 3664(m)." ECF No. 84.

Several courts, including this one, have held that an installment payment schedule in a judgment is merely one means available to enforce a restitution order and does not prevent the government from pursuing other lawful means. See United States v. Hawkins, 392 F. Supp. 2d 757, 759 (W.D. Va. 2005); see also United States v. Shusterman, 331 F. App'x 994, 996-97 (3rd Cir. 2009) (district court did not err in allowing garnishment as an additional means to collect the restitution judgment in excess of installment schedule in judgment); United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007) (payment schedule does not preclude government from enforcing restitution order through other means); United States v. Anderson, No. 3:15mc3713, 2016 WL 3636942, at *2 (M.D. Ala. June 15, 2016) (in report and recommendation, magistrate judge concluded that "notwithstanding a court's establishment of a schedule for making restitution payments, the Government may pursue, and a district court may allow additional means to collect the restitution judgment"); United States v. Clayton, 646 F. Supp. 2d 827, 835-37 (E.D. La. 2009) (judgment's payment schedule did not preclude government from garnishing retirement benefits due defendant to satisfy criminal restitution), aff'd 613 F.3d 592 (5th Cir. 2010); United States v. Miller, 588 F. Supp. 2d 789, 796-97 (W.D. Mich. 2008) (government may garnish monies in excess of payment schedule); United States v. Lawrence, 538 F. Supp. 2d 1188, 1193 (D.S.D. 2008) (periodic payment provision in a criminal judgment cannot be immutable or insulate a defendant from other collection efforts); United States v. James, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) ("the existence of this [payment] schedule does not mean that the

government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied"); United States v. Hanhardt, 353 F. Supp. 2d 957, 959-61 (N.D. Ill. 2004) (holding that a payment schedule does not pre-empt other collection efforts).

On the other hand, in United States v. Roush, 452 F. Supp. 2d 676 (N.D. Tex. 2006), the court held that it would upset the balance set by the court when it established the payment schedule to allow the government to execute on the full amount of restitution at any time it chooses.

> The Court accordingly holds that the government may use its enforcement powers under section 3613 only to the extent that restitution payments are currently due and owing under the payment schedule established under section 3664(f)(2), or as modified under section 3664(k). Because Roush is current under the schedule set forth by the Court in Roush's judgment, there is presently nothing for the government to enforce.

Id. at 681-82. Likewise, in United States v. Christ, No. 03 CR 1093-9, 2007 WL 3252612 (N.D. Ill. Oct. 31, 2007), the court declined the government's request to require a third party to turn over funds belonging to defendant to satisfy an outstanding fine. Noting that the PSR had identified those funds, the court held that "[a]llowing the Government to now execute the full amount of the fine would frustrate the determination made by the Court in initially establishing the payment schedule pursuant to Section 3572." Id. at *2. Of significance, in both Roush and Christ, defendants were compliant with the terms of their payment schedules.

3

Recently, the Fourth Circuit has twice vacated district court rulings allowing the government to access funds outside of the payment schedule set forth in the judgment. In United States v. Grant, 715 F.3d 552 (4th Cir. 2013), the Fourth Circuit ruled that a district court abused its discretion in granting probation's request to increase defendant's monthly restitution payments based on receipt of tax refunds, concluding that the district court erred in imposing a substantial additional restitution obligation without considering whether defendant had the financial ability to comply with it and still support her family. In United States v. Bratton-Bey, 564 F. App'x 28 (4th Cir. 2014), the Fourth Circuit vacated a district court order allowing the government to access cash owed by defendant being held by Maryland state officials under 18 U.S.C. § 3664(n). Under that provision, a court may accelerate a restitution obligation owed by an incarcerated inmate in receipt of substantial funds from any source. The Fourth Circuit based its ruling on the fact that the judgment order did not require restitution payments to begin until after defendant's release from incarceration. As such, under the terms of the judgment order in that case, the inmate owed nothing until after his release. See United States v. Martinez, 812 F. 3d 1200, 1206 (10th Cir. 2015) ("In our view, the payment schedule reflected the district court's determination of how and when Mr. Martinez should pay the restitution after evaluating his financial condition. The government circumvented that evaluation by garnishing Mr. Martinez's retirement accounts in disregard of the district court's payment schedule."); United States v. Grigsby, No. 12-10174-JTM, 2016 WL 1056560 (D. Kan. Mar. 16, 2016) (where judgment did not provide that restitution was due immediately, court vacated garnishment; however,

4

court authorized payment of pension funds due to changed economic circumstances and under 18 U.S.C. § 3664(n)).

These cases teach that the court must first look to the language of the judgment and the statute in question. Here, the judgment provides that the criminal monetary penalties are due immediately and that the payment schedule does not preclude enforcement under 18 U.S.C § 3613. That statute provides that an unpaid fine constitutes a lien in favor of the United States. As such, the United States seeks to execute its lien on Rush's inmate trust account. Both the text of the judgment and the statute in question support the position of the government in executing its lien.

Given the language of the judgment that the criminal monetary penalties are due immediately and that the payment schedule does not impact the government's ability to enforce the judgment under § 3613, the analysis set forth in Hawkins applies. This is not a case like Roush or Christ where requiring Rush to turn over the proceeds of the boat sale will frustrate the payment schedule set up by the court. The defendants in both Roush and Christ were in compliance with their payment schedules. Here, in contrast, once the proceeds of the boat sale hit Rush's inmate trust account, he was obligated to pay 50% of those funds, per month, to the government. The court fined Rush $25,000.00, and the point of the payment schedule was to allow him access to a small amount of funds for commissary items while he is incarcerated. The schedule was established to allow Rush to retain some monies during his 360 month term of imprisonment. It was never the intention of the court, in setting up the payment schedule, to give Rush's then-unliquidated boat asset a free pass from being subject to execution by the government.

5

In the alternative, to the extent required by § 3572 and the Fourth Circuit's opinion in Grant, the court finds that the sale of Rush's bass boat and the deposit of $15,571.28 into his inmate trust account constitutes a material change in Rush's economic circumstances affecting his ability to pay. At the time of the entry of the judgment, Rush had no identified liquid assets. As a result of the sale of the boat, these monies are available to the government to be applied towards Rush's criminal monetary penalties. The court notes that the judgment expressly provides that "[a]ny installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay."

For these reasons, the court will grant the government's motion to authorize the Bureau of Prisons to turn over $15,571.28 in funds held in Rush's trust account as payment toward the monetary penalties imposed in this case.

It is **SO ORDERED**.

Entered: 07-19-2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge